UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RONALD WILLIAMS (#403681)                                          CIVIL ACTION

VERSUS

JAMES LeBLANC, ET AL.                                              NO. 14-0519-BAJ-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 30, 2014.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**RONALD WILLIAMS (#403681)**                    **CIVIL ACTION**

**VERSUS**

**JAMES LeBLANC, ET AL.**                        **NO. 14-0519-BAJ-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Secretary James LeBlanc and Warden Burl Cain, complaining that his constitutional rights are being violated at LSP because the tap water provided to him in his cell is "contaminated," resulting in medical complaints that allegedly have not been properly attended to or treated.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id.* at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*,

157 F.3d 1003, 1005 (5th Cir. 1998).  The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.  *Denton v. Hernandez, supra*, 504 U.S. at 32.  Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915.  *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).  A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed.  *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

  In his Complaint, the plaintiff alleges that the drinking water that he obtains "everyday out the sink in [his] Camp J cell is contaminated," and this has allegedly resulted in diarrhea, nausea, stomach pains, a loss of muscle tone, and could result in death or other disease.  He alleges that he has complained to the prison medical department regarding these symptoms and that, in response, he has been provided with medication and treatment.  Notwithstanding, he asserts that his symptoms have continued to persist.  The plaintiff asserts that he has made repeated requests to be seen by "appropriate health care professionals" at LSP, but his requests have been denied.

  The plaintiff's Complaint fails to state a federal constitutional claim cognizable under 42 U.S.C. § 1983, which statute provides for a private right of action against any person who, acting under color of state law, deprives an individual of rights, privileges, or immunities secured by the Constitution or laws of the United States.  Initially, the plaintiff has failed to allege facts that support his claim for relief to any reasonable degree of specificity.  His assertions relative to contaminated drinking water are entirely conclusory, and he fails to provide the factual detail necessary to plausibly suggest that his tap water poses an unreasonable risk of serious damage to his future health.  All that he provides is the bare-bones allegation that "the drinking water they

provide me with everyday out the sink in the Camp J cell is contaminated because it is impossible to boil the water everytime they turn it off to shake down or to fix the toliet [sic], and it is impossible to clean the pipes that the water come out the sink I have to drink out of everyday." In addition, the plaintiff provides no factual basis for his belief that the symptoms he is allegedly suffering have been caused by or are associated with any alleged contamination of the water supply.

      The plaintiff's claim may be seen to arise under the Eighth Amendment to the United States Constitution and its prohibition against cruel and unusual punishment, which provision prohibits the unnecessary and wanton infliction of pain. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)*, citing Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The prohibition against cruel and unusual punishment mandates that prisoners be afforded humane conditions of confinement and that they receive adequate food, shelter, clothing and medical care. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). *See also Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (recognizing that "[t]he Constitution does not mandate comfortable prisons ... but neither does it permit inhumane ones"). A constitutional violation occurs only when two requirements are met. First, there is the objective requirement that the condition "must be so serious as to 'deprive prisoners of the minimal civilized measure of life's necessities,' as when it denies the prisoner some basic human need." *Harris v. Angelina County, Texas*, 31 F.3d 331, 334 (5th Cir. 1994), *citing Wilson v. Seiter*, *supra,* 501 U.S. at 304. Second, under a subjective standard, the Court must determine that the prison officials responsible for the deprivation have been "deliberately indifferent to inmate health or safety." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). In applying this standard, the determinative question is whether a defendant prison official subjectively knew that an inmate claimant faced a substantial risk of serious harm, yet

disregarded that risk by failing to take reasonable steps to abate it. *Id.* To be found to have been deliberately indifferent, a prison official must be found to have personally been aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and the official must also be found to have drawn the inference. *Id.* at 837. The deliberate indifference standard is appropriately applied to the plaintiff's allegations regarding the conditions of his confinement. *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995); *Wilson v. Seiter, supra*, 501 U.S. at 303. Conclusory allegations, however, are not sufficient, and a plaintiff must allege facts to support what are otherwise broad and conclusory allegations of wrongdoing. *See Rougley v. GEO Group*, 2011 WL 7796488, *3 (W.D. La. Nov. 7, 2011).

The plaintiff's allegations in this case are entirely conclusory, and he provides no factual basis whatever upon which the Court might plausibly conclude that he has stated a claim for relief. His mere personal belief that the water at Camp J at LSP is contaminated is not sufficient to support a claim before this Court. *See Rougley v. GEO Group, supra* (dismissing an inmate's claim as frivolous where the inmate provided only conclusory assertions, without supporting facts, that the food served at the prison was contaminated). *See also McIntosh v. Brighton*, 2014 WL 1584173, *2 n. 1 (E.D. Mich. April 21, 2014) (dismissing an inmate's claim as frivolous where her allegations of contaminated water were conclusory and she failed to "set forth any specifics, such as ... why she believe[d] the drinking water was contaminated"). Nor is the plaintiff entitled, based on his mere conclusory allegations, to have this Court "appoint an expert to examine the contaminant level of the water plaintiff is provided ... to drink out the sink in the Camp J cell." Finally, the plaintiff has offered no facts to support his claim that the alleged medical symptoms he is experiencing have been caused by a contaminated water supply. *See Rougley v. GEO Group, supra* (finding that the plaintiff had "offered nothing other than

conclusory allegations concerning the cause of his ... infections, including his claim that such infections were caused by the food served to the inmates"). Accordingly, based on the complete absence of any apparent factual basis for the plaintiff's claim of contamination, it is appropriate that this claim be dismissed as legally frivolous and for failure to state a claim upon which relief may be granted.

In addition to the foregoing, the plaintiff complains that he has attempted to obtain medical attention for his ongoing complaints but that, whereas he has been prescribed medication and provided with treatment, his complaints have persisted, and he has not been seen by "appropriate health care professionals." Notwithstanding, in order for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any allegation that the named defendants are responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. *See Ashcroft v. Iqbal*, *supra*, 556 U.S. at 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 Fed. Appx. 715, 716-17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability"). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional rights has occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by

state law. *Lozano v. Smith*, *supra*, 718 F.2d at 768.

Applying the foregoing standard in connection with the plaintiff's claim of medical neglect, it is clear that the plaintiff has failed to sufficiently allege that defendants Stalder and Cain have undertaken any action which may be characterized as a violation of the plaintiff's constitutional rights. Specifically, the plaintiff makes no factual allegation whatever that these supervisory defendants have had any personal involvement in the plaintiff's medical care or treatment or are even aware of the plaintiff's alleged symptom and complaints. Instead, the plaintiff's only factual allegation relative to these defendants is that they are, respectively, the Secretary of the Louisiana Department of Public Safety and Corrections and the head warden at LSP, and that they are aware of contaminated water at that institution. This allegation is not sufficient to establish any liability for the plaintiff's medical care and treatment. Accordingly, in the absence of any allegation regarding the direct involvement of defendants Stalder and Cain in the plaintiff's medical care, his claim asserted against these defendants relative to such care and treatment is without legal or factual foundation, and these defendants are entitled to judgment as a matter of law.[1]

## RECOMMENDATION

It is recommended that the plaintiff's action be dismissed, with prejudice, as legally

---

1. The Court further notes that the plaintiff acknowledges that he has in fact received medical care and treatment in response to his complaints and that his complaints have not been ignored by medical personnel. His mere disagreement with the medical care that has been provided to him is not a basis for a constitutional claim of deliberate indifference. *See Harris v. Calcasieu Parish Detention Center, supra*, 2011 WL 5276557, *6 ("The fact that a plaintiff disagrees with what medical care is appropriate or with the course of treatment offered by the medical staff does not state a claim of deliberate indifference to serious medical needs").

frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[2]

Signed in Baton Rouge, Louisiana, on December 30, 2014.

*(signature)*

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

2. The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."